**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn Styers,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-12-2332-PHX-JAT<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

　　Petitioner James Lynn Styers has filed a second federal habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he is imprisoned and sentenced to death in violation of the United States Constitution. Respondents seek dismissal of the petition as successive. (Doc. 9.) For the reasons that follow, the Court determines that it lacks jurisdiction to consider several claims in the petition but that the remaining claims are not "second or successive" within the meaning of 28 U.S.C. § 2244(b)(2).

## BACKGROUND

　　In 1989, Petitioner murdered Christopher Milke, the four-year-old son of a woman with whom he shared an apartment. A jury convicted him of first degree murder, conspiracy to commit first degree murder, child abuse, and kidnapping, and the trial court sentenced him to death.

　　On direct appeal, the Arizona Supreme Court reversed Petitioner's conviction for child abuse but affirmed the remaining convictions. *State v. Styers*, 177 Ariz. 104, 865 P.2d 765

1  (1993), *cert denied*, 513 U.S. 855 (1994) ("*Styers I*"). The state court also struck one of the aggravating factors but nonetheless affirmed the death sentence after conducting an independent review of the remaining sentencing factors.

Following unsuccessful state post-conviction-relief proceedings, Petitioner filed a habeas petition in federal court. United States District Court Judge Earl H. Carroll denied relief. On appeal, the Court of Appeals for the Ninth Circuit reversed, finding that the Arizona Supreme Court had failed to properly reweigh the aggravating and mitigating circumstances after striking an aggravating factor, as required by *Clemons v. Mississippi*, 494 U.S. 738, 748-49 (1990), and *Eddings v. Oklahoma*, 455 U.S. 104, 115 (1982). *Styers v. Schriro*, 547 F.3d 1026, 1034-35 (9th Cir. 2008), *cert. denied*, 130 S. Ct. 379 (2009) ("*Styers II*"). Pursuant to the Ninth Circuit's mandate, the district court entered judgment granting the writ of habeas corpus unless the State of Arizona, within 120 days of the judgment, "initiates proceedings either to correct the constitutional error in Petitioner's death sentence or to vacate the sentence and impose a lesser sentence consistent with the law." *Styers v. Ryan*, No. 2:98-cv-2244, slip op. at 2 (D. Ariz. Nov. 25, 2009).

At the request of the State and over Petitioner's objection, the Arizona Supreme Court ordered briefing and argument and then conducted a new independent review of Petitioner's capital sentence, again finding that the proffered mitigation was not sufficiently substantial to warrant leniency. *See State v. Styers*, 227 Ariz. 186, 254 P.3d 1132 (9th Cir.), *cert denied*, 132 S. Ct. 540 (2011) ("*Styers III*"). Subsequently, Petitioner moved this Court to grant an unconditional writ releasing him from his capital sentence, arguing *inter alia* that the Arizona Supreme Court erred by conducting a new independent review and not remanding for a new sentencing hearing before a jury. The Court denied the motion but granted a certificate of appealability on the question of whether Petitioner was entitled to a new sentencing hearing in order to correct the *Clemons/Eddings* error. That appeal is pending. *See Styers v. Ryan*, No. 2:98-cv-2244 (Jul. 26, 2012), *appeal docketed*, No. 12-16952 (9th Cir. Sept. 4, 2012).

On October 30, 2012, Petitioner filed the instant second petition, asserting eight grounds

- 2 -

for relief: (1) ineffective assistance of counsel at sentencing for failing to develop and present mitigating evidence; (2) ineffective assistance of counsel for failing to investigate and present evidence demonstrating lack of premeditation; (3) failure of the Arizona Supreme Court to conduct a constitutionally adequate independent sentencing review; (4) ineffective assistance of counsel on appeal for failing to challenge the "especially heinous, cruel, or depraved" aggravating factor; (5) failure of the Arizona Supreme Court to remand for a jury determination as to aggravating factors; (6) imposition of the death penalty after a lengthy period of incarceration; (7) failure of the Arizona Supreme Court to remand for a new mitigation hearing; and (8) failure of the state court to provide post-conviction counsel and post-conviction review.[1] In their motion to dismiss, Respondents assert that Petitioner failed to seek permission from the Ninth Circuit to file a second or successive petition and that this Court lacks jurisdiction under 28 U.S.C. § 2244(b).

## **DISCUSSION**

### **I.  Second or Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed significant burdens on petitioners who try to raise new claims in "second or successive" habeas petitions. *See Burton v. Stewart,* 549 U.S. 147, 152-53 (2007) (per curiam) (observing that 28 U.S.C. § 2244(b), as amended by AEDPA, established a stringent set of procedures a prisoner must follow before filing a second or successive federal habeas corpus petition challenging the same conviction). First, a district court must dismiss any claim presented in a second or successive habeas petition that was presented in a prior petition. 28 U.S.C. § 2244(b)(1). Second, a new claim not raised in a prior petition also must be dismissed unless (1) the claim rests on a new, retroactive rule of constitutional law or (2) the factual basis of the claim was not previously discoverable through due diligence and these

---

[1] The petition identifies six primary claims (A-F) and at least two distinct sub-claims. For administrative ease, the Court has identified and numbered each individual claim in the order in which they are asserted in the petition.

- 3 -

1  new facts establish by clear and convincing evidence that no reasonable factfinder would
2  have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Even in
3  the latter circumstance, leave of the court of appeals is required before the successive petition
4  may be pursued in a district court. 28 U.S.C. § 2244(b)(3)(A). These requirements are
5  jurisdictional and cannot be waived. *Burton*, 549 U.S. at 157; *Torres v. Senkowski*, 316 F.3d
6  147, 151 (2d Cir. 2003).

7  It is undisputed that the instant petition is a "second-in-time" petition, challenging the
8  same conviction on which Petitioner previously sought federal habeas relief. It is also
9  undisputed that Petitioner has neither sought nor obtained permission from the Ninth Circuit
10 for filing a second or successive petition. However, this does not end the inquiry.

11 The Supreme Court "has declined to interpret 'second or successive' as referring to all
12 § 2254 applications filed second or successively in time, even when the later filings address
13 a state-court judgment already challenged in a prior § 2254 application." *Panetti v.*
14 *Quarterman*, 551 U.S. 930, 944 (2007). For example, in *Panetti*, the Court held that
15 competency-to-be-executed claims are exempt from AEDPA's limitation on second or
16 successive petitions because such claims generally are not ripe until after the time has run
17 to file a first habeas petition. *Id.* at 947; *see also Slack v. McDaniel*, 529 U.S. 473, 478
18 (2000) (declining to apply § 2244(b) to a second petition where the first was dismissed for
19 lack of exhaustion).

20 In *Magwood v. Patterson*, the Court held that a second-in-time petition challenging a
21 judgment imposed after resentencing was not "second or successive" under § 2244(b)(2),
22 where the first petition was filed prior to resentencing and challenged the original judgment.
23 130 S. Ct. 2788, 2796 (2010). Thus, where there is a "new judgment intervening between
24 the two habeas petitions," the latter petition challenging the new judgment is not second or
25 successive. *Id.* at 2802 (quoting *Burton*, 549 U.S. at 156). Because *Magwood* involved a
26 petitioner who obtained a conditional writ as to his sentence and whose subsequent petition
27 challenged only the resentencing proceeding, the Court declined to determine whether in the
28

- 4 -

1 same context a petitioner could challenge "not only his resulting, *new* sentence, but also his
2 original, *undisturbed* conviction." *Id.*

3 Although Petitioner references *Magwood* in his petition (Doc. 1 at 74), he does not cite
4 it in his opposition to Respondents' motion to dismiss.  Nevertheless, Petitioner's opposing
5 brief characterizes his death sentence as "new" (in light of the independent review
6 undertaken by the Arizona Supreme Court in response to the district court's conditional writ)
7 and suggests that a second habeas petition challenging the "new death sentence" is not
8 successive. (Doc. 11 at 3.)  Further, the petition asserts that Petitioner's death sentence was
9 "vacated" by the conditional writ.  (Doc. 1 at 52.)  In making these assertions, Petitioner
10 misapprehends the nature of the relief provided during his first habeas proceeding.

11 The Ninth Circuit remanded Petitioner's case to the district court for entry of a
12 conditional writ on the ground that the Arizona Supreme Court had failed to consider all of
13 Petitioner's proffered mitigation evidence when it conducted its independent review of
14 Petitioner's death sentence. *Styers II*, 547 F.3d at 1035.  In doing so, the court "neither
15 express[ed] nor impl[ied] any opinion as to the appropriate sentence in this case.  This is a
16 matter for the state courts, so long as the constitutional obligations under *Eddings* and
17 *Clemons* are honored." *Id.* at 1036.  Subsequently, the district court granted a conditional
18 writ, stating that a writ of habeas corpus (releasing Petitioner from his sentence) *would be*
19 granted "unless the State of Arizona, within 120 days from the entry of this Judgment,
20 initiates proceedings either to correct the constitutional error in Petitioner's death sentence
21 or to vacate the sentence and impose a lesser sentence consistent with the law." *Styers v.*
22 *Ryan*, No. 2:98-cv-2244, slip op. at 2 (D. Ariz. Nov. 25, 2009).  The district court did not
23 order that Petitioner be released from his death sentence or direct that Petitioner receive a
24 new sentencing hearing.

25 In response to the conditional writ, the Arizona Supreme Court conducted a new
26 independent sentencing review and reaffirmed the trial court's original capital sentence.
27 Consequently, although further state proceedings have been undertaken by the Arizona

28 - 5 -

1 Supreme Court in Petitioner's case, the judgment of conviction and sentence at issue in the
2 instant petition is the same judgment entered by the trial court on December 14, 1990, and
3 challenged by Petitioner in his first habeas petition. Because there is no intervening
4 judgment here, the Court finds *Magwood* inapposite. *Cf. Wentzell v. Neven*, 674 F.3d 1124,
5 1128 (9th Cir. 2012) (holding that second-in-time petition filed after entry of an amended
6 judgment is not "second or successive," even if challenging unaltered component of original
7 judgment, because "it challenges a new, intervening judgment"). However, this finding does
8 not preclude further consideration of whether any of Petitioner's claims may nonetheless be
9 brought in a second petition without the necessity of satisfying the gatekeeping requirements
10 of 28 U.S.C. § 2244(b).

11 The Ninth Circuit has acknowledged that the reasoning of *Panetti* is not limited to
12 competency-for-execution claims. In *United States v. Buenrostro*, the court observed that
13 "[p]risoners may file second-in-time petitions based on events that do not occur until a first
14 petition is concluded" if the claims raised therein "were not ripe for adjudication at the
15 conclusion of the prisoner's first federal habeas proceeding." 638 F.3d 720, 725 (9th Cir.
16 2011) (listing cases). In *United States v. Lopez*, the court held that the considerations
17 identified by the Supreme Court in deciding *Panetti* "must be considered in deciding whether
18 other types of claims that do not survive a literal reading of AEDPA's gatekeeping
19 requirements may nonetheless be addressed on the merits." 577 F.3d 1053, 1064 (9th Cir.
20 2009). These considerations are "(1) the implications for habeas practice of reading 'second
21 or successive' literally for such claims, (2) whether barring such claims would advance the
22 policies behind AEDPA's passage and (3) the Court's pre- and post-AEDPA habeas
23 jurisprudence, including the common law abuse-of-the-writ doctrine." *Id.* at 1056.

24 In light of the above principles, the Court will consider whether any of Petitioner's
25 claims are exempt from AEDPA's limitations on second or successive petitions. The inquiry
26 into whether a habeas application is second or successive may be made by examining the
27 specific claims presented in a later petition and comparing those claims to the claims

presented in an earlier petition. *See, e.g.*, *Pace v. Diuglielmo*, 544 U.S. 408, 416 (2005) (observing that the requirements of § 2244(b)(2) do not apply to a petition as a whole but require inquiry into specific claims). As discussed below, the instant petition includes claims that were either previously raised, ripe but not previously raised, or not ripe at the time he filed his first habeas petition.

### A. Claim Previously Raised

In his first habeas petition, Petitioner alleged that trial counsel performed ineffectively by failing to investigate, develop, and present available mitigating evidence at sentencing. Petitioner reasserts the same allegation as Claim 1 in his second-in-time petition. Pursuant to the mandate of 28 U.S.C. § 2244(b)(1), this claim must be dismissed. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); *West v. Ryan*, 652 F.3d 1048, 1053 (9th Cir. 2011).

### B. Ripe Claims Not Previously Raised

Petitioner's second-in-time petition includes several claims that were ripe prior to the filing of his first habeas petition: trial counsel ineffectiveness for failing to investigate and present evidence demonstrating lack of premeditation (Claim 2); appellate counsel ineffectiveness for failing to challenge the Arizona Supreme Court's application of the "heinous, cruel, or depraved" aggravating factor in a motion for rehearing (Claim 4); and cruel and unusual punishment from imposition of the death penalty after a lengthy period of incarceration (Claim 6). At the time of his first habeas petition, Petitioner was aware of the facts underlying each of these claims but did not include them in the petition. Therefore, Claims 2, 4, and 6 are "second or successive" under § 2244(b)(2) and this Court lacks jurisdiction to entertain them absent authorization from the court of appeals. *See Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006) (holding that second-in-time petition raising Eighth Amendment claim based on lengthy incarceration prior to execution is "second or successive"); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (holding that second-in-time petition alleging ineffective assistance of counsel based on previously known factual predicate is "second or successive").

### C. Unripe Claims Not Previously Raised

The remainder of Petitioner's claims arise from events that transpired following issuance of the conditional writ. Petitioner asserts that the Arizona Supreme Court unconstitutionally conducted a second independent review of his sentence and during this review impermissibly applied a causal-nexus requirement to his mitigation evidence (Claim 3); that the Arizona Supreme Court's failure to remand for a new sentencing hearing following the conditional writ violated his right under the Sixth Amendment to a jury determination of aggravating factors and his rights to due process, equal protection, and to be free from cruel and unusual punishment (Claims 5 and 7); and that "his rights to habeas corpus under Article I, Section 9 of the United States Constitution" and under the Fifth, Eighth, and Fourteenth Amendments were violated by the state court's summary dismissal of his notice of intent to seek state post-conviction relief (Claim 8). (Doc. 1 at 79-80.)

None of these claims could have been raised in Petitioner's first habeas petition. The factual predicate for these claims did not arise until after the Arizona Supreme Court conducted a new independent sentencing review in response to the district court's issuance of a conditional writ in the first habeas proceeding. Numerous circuit courts permit a prisoner to file second petitions "relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (citing cases); *see also Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (declining to find petition successive "if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition"); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (per curiam) ("None of these new claims were raised in his first petition, nor could they have been; [the petitioner] is attempting to challenge the constitutionality of a proceeding which obviously occurred after he filed, and obtained relief, in his first habeas petition."). Because Claims 3, 5, 7, and 8 could not have been included in Petitioner's first petition, he "is not obliged to secure [the Ninth Circuit's] permission prior to filing his habeas petition in the district court."

*Hill*, 297 F.3d at 899.

## II. Stay of Proceedings

In his opposition to Respondents' motion to dismiss, Petitioner notes that the instant petition will likely become moot if he prevails on appeal from this Court's order in his original habeas proceeding denying his motion to grant an unconditional writ. *See Styers v. Ryan*, No. 2:98-cv-2244 (D. Ariz. Jul. 26, 2012) (unpublished order). Indeed, the vast majority of the issues remaining in the instant petition are identical to those raised by Petitioner in his motion for entry of an unconditional writ releasing him from his capital sentence.[2] As already noted, this Court granted a Certificate of Appealability on the issue of whether Petitioner was entitled to a new sentencing proceeding before a jury and that appeal remains pending. Thus, a decision by the Ninth Circuit likely will be dispositive of this issue and may moot the entire petition. For this reason, the Court finds that the interests of justice and judicial economy are best served by staying these proceedings pending a decision by the Ninth Circuit.

Based on the foregoing,

**IT IS ORDERED** that Respondents' Motion to Dismiss (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Claim 1 of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 2244(b)(1).

**IT IS FURTHER ORDERED** that Claims 2, 4, and 6 of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) are **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).

---

[2] Although similar issues were raised vis-a-vis Petitioner's post-judgment motion for entry of an unconditional writ of habeas corpus in his first habeas proceeding, the Court's inquiry there was whether the Arizona Supreme Court sufficiently remedied the constitutional infirmity found in *Styers II*, not whether the state court's actions in curing the *Clemons/Eddings* error resulted in a new violation of Petitioner's constitutional rights.

- 9 -

1   **IT IS FURTHER ORDERED** that this matter is stayed pending the issuance of a decision by the Court of Appeals for the Ninth Circuit in *Styers v. Ryan*, No. 2:98-cv-2244 (Jul. 26, 2012), *appeal docketed*, No. 12-16952 (9th Cir. Sept. 4, 2012).

DATED this 24th day of April, 2013.

James A. Teilborg
Senior United States District Judge