| | |
|---|---|
| 1 | **WO** |
| 2 | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn Styers, | No. CV-12-02332-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| Charles L Ryan, | |
| Respondent. | |

The Court previously denied four of the claims in Styers' habeas petition and stayed the remaining claims pending issuance of a decision by the Ninth Circuit Court of Appeals in *Styers v. Ryan*, 98-cv-2244-JAT. (Doc. 19.) The Court of Appeals issued its decision on December 30, 2015, affirming this Court's denial of habeas relief after the Arizona Supreme Court's independent review of Styers' death sentence. *Styers v. Ryan*, 811 F.3d 292 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 1332 (2017) (*"Styers IV"*). The mandate was issued on June 21, 2016. This Court then lifted the stay and ordered Styers to show cause why the stayed claims should not be denied as meritless based on the opinion of the Ninth Circuit. (Doc. 22.)

Styers filed a brief arguing that the pending claims are not meritless. (Doc. 25.) Respondents filed a response arguing that the claims are moot, procedurally defaulted, and an abuse of the writ. (Doc. 30.) The Court agrees that the claims have been rendered moot by the Ninth Circuit's decision and are meritless. The Court also rejects Styers's request to reconsider its rulings with respect to the other claims.

**DISCUSSION**

In 1990, Styers was convicted of first-degree murder and other charges and sentenced to death. The Arizona Supreme Court affirmed the murder conviction and death sentence. *State v. Styers,* 177 Ariz. 104, 865 P.2d 765, 770 (1993) ("*Styers I*"). Styers sought federal habeas corpus relief, which this Court denied. (Case No. 98-cv-2244-JAT, Doc. 126.)

On appeal, the Ninth Circuit reversed and remanded, finding that the Arizona Supreme Court had violated *Eddings v. Oklahoma*, 455 U.S. 104 (1982), by not considering mitigation evidence of Styers's post-traumatic stress disorder (PTSD) because it was not causally connected to Styers's actions at the time of the murder. *Styers v. Schriro,* 547 F.3d 1026, 1028 (9th Cir. 2008) ("*Styers II*"). As directed by the Ninth Circuit, this Court issued a conditional writ ordering Styers's release from his death sentence unless the State initiated proceedings to correct the constitutional error or to vacate the death sentence and impose a lesser sentence.

The Arizona Supreme Court then conducted an independent review of Styers's death sentence pursuant to A.R.S. § 13–755. *State v. Styers*, 227 Ariz. 186, 254 P.3d 1132, 1133 (2011) (en banc) ("*Styers III*"). As the Ninth Circuit explained, the Arizona Supreme Court "again affirmed the death sentence, after expressly considering and weighing the mitigation evidence to which this court's opinion referred." *Styers IV*, 811 F.3d at 294.

Following the Arizona Supreme Court's resentencing, and the subsequent denial of post-conviction relief, Styers filed another habeas petition in this court. (Doc. 1.) The Court granted in part Respondents' motion to dismiss, finding that some claims constituted a second or successive petition and staying the matter with respect to claims that could not have been raised in Styers's first habeas petition. (Doc. 19.)

**A. Stayed claims.**

In Claim 3 of his habeas petition, Styers alleges that the Arizona Supreme Court conducted a constitutionally insufficient review of his sentence and again applied an improper causal nexus requirement to his mitigation evidence. (Doc. 1 at 36–44.) In

Claims 5 and 7, Styers alleges that the Arizona Supreme Court's failure to remand for a new sentencing hearing violated his right under the Sixth Amendment to a jury determination of aggravating factors and his rights to due process, equal protection, and freedom from cruel and unusual punishment. (*Id.* at 47–59.)

These claims are mooted by the Ninth Circuit's decision in *Styers IV*, which affirmed the Arizona Supreme Court's resentencing of Styers. The Ninth Circuit first explained that a new sentencing by a jury was not required under *Ring v. Arizona*, 536 U.S. 584, 589 (2002), which holds that any fact necessary for the imposition of the death penalty must be found beyond a reasonable doubt by a jury, not a judge. 811 F.3d at 297–98. The court found that the Arizona Supreme Court was not unreasonable in determining that Styers' sentence was final prior to the decision in *Ring*. The court also found that the Arizona Supreme Court did not violate *Eddings* when it considered but gave little weight to mitigating evidence that Styers suffered from PTSD. *Id.* at 298–99.

With respect to Claim 3, Styers now argues that the Arizona Supreme Court failed to consider additional mitigating information beyond the PTSD evidence, including Styers's age, clean prison record, and low risk of future violence. (Doc. 25 at 5.) Styers asserts that Claim 3 is now a "much different claim" than that addressed by the Ninth Circuit and the Arizona Supreme Court in *Styers II, III,* and *IV*. (Doc. 31 at 8.) The Court disagrees. In fact, Claim 3 does not allege that the Arizona Supreme Court failed to consider this additional mitigating evidence; instead, Styers alleges that the existence of the additional evidence was grounds for "requir[ing] a remand for proceedings before a jury." (Doc. 1 at 56.) The Ninth Circuit squarely addressed and rejected Styers's claims of a *Ring* violation. *Styers IV*, 811 F.3d at 297–98.

With respect to Claims 5 and 7, Styers argues that *Clemons v. Mississippi*, 494 U.S. 738 (1990), is no longer good law after *Ring* and the Supreme Court's recent decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016). *Clemons* holds that an appellate court can affirm a death sentence by independently re-weighing the mitigating evidence against the remaining valid aggravating factors. 494 U.S. at 748–49; *see Richmond v. Lewis*, 506 U.S. 40, 49 (1992) (holding that a state appellate court can cure a sentencing error in a

capital case when "the state appellate court . . . actually perform[s] a new sentencing calculus").

In *Hurst*, the Supreme Court, citing *Ring*, held that Florida's "hybrid" capital sentencing scheme violated the Sixth Amendment because the jury rendered an advisory verdict but the judge ultimately found the facts necessary to impose a sentence of death. 136 S. Ct. at 624. *Hurst* does not offer Styers relief because, like *Ring*, the holding does not apply retroactively. *See Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) ("*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review."). Styers attempts to distinguish *Hurst* and *Ring* by arguing that "*Hurst* requires a jury unanimously to find certain facts beyond a reasonable doubt, a matter not at issue in *Ring*," and therefore established a new substantive rather than a procedural rule. (Doc. 31 at 9.) This argument is unpersuasive.

In *Hurst*, the Court simply applied *Ring* to Florida's sentencing scheme. Because the judge, rather than a jury, made the findings with respect to the factors that rendered a defendant eligible for death, the scheme violated *Ring*. *Hurst* did not impose a new beyond-a-reasonable-doubt standard on sentencing determinations in capital cases. *See Lambrix v. Sec'y, Florida Dep't of Corr.*, 851 F.3d 1158, 1165 n.2 (11th Cir. 2017) ("[U]nder federal law *Hurst*, like *Ring*, is not retroactively applicable on collateral review."); *In re Jones*, 847 F.3d 1293, 1295 (10th Cir. 2017) ("The Supreme Court has not held that its decision in *Hurst* is retroactively applicable to cases on collateral review."); *Smith v. Filson*, No. 207CV00318JCMCWH, 2017 WL 2616892, at *2 (D. Nev. June 16, 2017) ("[T]his court views *Hurst* as simply the application of *Ring* to Florida's 'hybrid' capital sentencing scheme and is not convinced that it announced a new rule, much less one that imposes the beyond a reasonable doubt standard on the weighing of aggravating and mitigating circumstances."). Claims 5 and 7 are meritless.

Claim 8 alleges that the Arizona courts erred during Styers's resentencing by summarily dismissing his notice of intent to seek state postconviction relief without providing counsel or a postconviction proceeding. (Doc. 1 at 79–80; *see* Doc. 25 at 11.) According to Styers, the summary dismissal violated the Arizona Rules of Criminal

Procedure and violated his rights to equal protection, due process, and freedom from cruel and unusual punishment. This claim is without merit.

"State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal." *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Therefore, "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (finding that the post-conviction court's failure to appoint petitioner counsel in his second post-conviction proceedings did not constitute a basis for a federal habeas claim); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997) (finding that petitioner's claim that "he was denied due process in his state habeas corpus proceedings" was "not addressable in a section 2254 proceeding."). A habeas petitioner cannot "transform a state law issue into a federal one by merely asserting a violation of due process." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)). Habeas relief is not available on Claim 8.

**B.  Second or successive claims.**

Styers also asks the Court to reconsider its denial of Claims 1, 2, 4, and 6 as a second or successive petition under 28 U.S.C. § 2244(d)(1). (*See* Doc. 19.) A district court must dismiss any claim presented in a second or successive habeas petition that was presented in a prior petition. 28 U.S.C. § 2244(b)(1). A new claim not raised in a prior petition also must be dismissed unless (1) the claim rests on a new, retroactive rule of constitutional law or (2) the factual basis of the claim was not previously discoverable through due diligence and the new facts establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B). For new claims, leave of the court of appeals is required before the successive petition may be pursued in district court. 28 U.S.C. § 2244(b)(3)(A).

The Court found that Claim 1 had been raised previously and that Claims 2, 4, and 6 could have been raised in Styers's first habeas petition. (Doc. 19 at 7.) The claims

therefore constituted a second or successive petition under § 2244(b)(2). Styers asks the Court to reconsider its ruling. He argues that additional investigation would transform the claims, fundamentally altering them and rendering them unexhausted and procedurally defaulted. They would then be subject to cause and prejudice analysis under *Martinez v. Ryan*, 556 U.S. 1 (2012). *See Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014).

In Claim 1, Styers alleges that trial counsel was ineffective at sentencing for failing to develop and present mitigating evidence. (Doc. 1 at 20–29.) As the Court previously found (Doc. 19 at 7), Styers raised this claim in his first habeas petition. The Court found the claim procedurally barred because Styers did not raise it in state court. (*See* Case No. 98-cv-2244, Doc. 86 at 15.) Styers now argues that it was "premature" for the Court to find that he raised the claim in his first habeas petition, because a properly-funded mitigation investigation has never been performed. (Doc. 25 at 16.) In support of this argument Styers cites a case to be heard next term by the United States Supreme Court addressing the Fifth Circuit's standard for funding CJA counsel under 18 U.S.C. § 3599(f). (*Id.* at 13, citing *Ayestas v. Davis*, No. 16-6795 (U.S.).) That issue has no bearing on whether the ineffective assistance of sentencing counsel claim here constitutes a second or successive petition. It does, as the Court has already determined. *See Gimenez v. Ochoa*, 821 F.3d 1136, 1131 (9th Cir. 2016) (citing *West v. Ryan*, 652 F.3d 1071, 1077 (2011). As the Ninth Circuit has explained, "federal courts will not consider new factual grounds in support of the same legal claim that was previously presented." *Pizzuto v. Blades*, 673 F.3d 1003, 1008 (9th Cir. 2012) (internal quotation marks omitted); *see also Cooper v. Brown*, 510 F.3d 870, 931 (9th Cir. 2007) ("The gravamen of the claim of ineffective assistance of trial counsel is the same, regardless of whether Petitioner presents new and different legal arguments or different factual allegations.").

In Claim 2, Styers alleges that trial counsel performed ineffectively by failing to investigate and present evidence demonstrating lack of premeditation. In Claim 4, he alleges that appellate counsel was ineffective because he failed to challenge the Arizona Supreme Court's application of the "heinous, cruel, or depraved" aggravating factor. In Claim 6, he alleges that imposition of the death penalty after a lengthy period of

incarceration violates his Eighth Amendment rights. As the Court previously found, Styers was aware of the facts underlying each of these claims but did not include them in his first petition. (Doc. 19 at 7.) The Court explained that it could not hear these second or successive claims without permission from the Ninth Circuit under 28 USC § 2244(b)(3)(A). (*Id.*) Styers's new arguments do not alter that conclusion.

Again, Styers asserts that the addition of evidence gained through a fully-funded investigation will alter the claims so they become new, unexhausted, and procedurally defaulted. The Court disagrees. Like Claim 1, Claim 2 relies on evidence of mental impairment and brain damage. Expanding on such evidence would not change the "gravamen" of the claim; it would remain second or successive. *Pizzuto*, 673 F.3d at 1008; *Cooper*, 510 F.3d at 931.

With respect to Claim 4, all of the facts relevant to Styers's allegations concerning the performance of appellate counsel were available at the time of the first PCR petition; there are no relevant new facts. Moreover, *Martinez* does not apply to claims of ineffective of appellate counsel, *Davila v. Davis*, 173 S. Ct. 2058, 2063 (2017), so a new, fundamentally altered version of Claim 4 would be procedurally barred.

Styers asserts that he could not have raised Claim 6 in his first petition because he had not been on death row as long then as he has been now. (Doc. 25 at 17.) The Ninth Circuit has rejected this argument. *Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006) (holding that second-in-time petition raising Eighth Amendment claim based on lengthy incarceration prior to execution is "second or successive"). Moreover, "no clearly established Supreme Court precedent holds that inordinate delay in the execution of a capital defendant constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Andrews v. Davis*, No. 09-99012, 2017 WL 3255161, at *30 (9th Cir. Aug. 1, 2017). While it has been presented with multiple opportunities to do so, the Supreme Court has declined to address the issue. *See, e.g.*, *Boyer v. Davis*, 136 S. Ct. 1446 (2016); *Valle v. Florida*, 564 U.S. 1067 (2011); *Johnson v. Bredesen*, 558 U.S. 1067 (2009); *Lackey v. Texas*, 514 U.S. 1045 (1995).

## CONCLUSION

Claims 3, 5, 7, and 8 of Styer's habeas petition are meritless and/or rendered moot by the Ninth Circuit's decision on *Styers IV*. Claims 1, 2, 4, and 6 are dismissed under 28 U.S.C. § 2244(b) as a second or successive petition.

Accordingly,

**IT IS ORDERED** that Styers's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly.

Dated this 24th day of August, 2017.

James A. Teilborg
Senior United States District Judge