**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn Styers,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-12-02332-PHX-JAT<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Styers's Motion to Alter or Amend Judgment. (Doc. 34.) Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Styers asks the Court to alter or amend its order and judgment denying his habeas petition. (Docs. 32, 33.) Also before the Court is Styers's motion for a certificate of appealability. (Doc. 35.) For the reasons set forth below, the motions are denied.

**1.     Motion to Alter/Amend**

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion brought under Rule 59(e) should be granted only in "highly unusual circumstances." *Kona*, 229 F.3d at 890. It may not be used to raise arguments or present evidence for the first time that reasonably could have been raised earlier, *id.*, nor is it the time "to ask the court to rethink what it has already thought through—rightly or wrongly," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D.

Ariz. 1998) (quotation omitted). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Court found that Claims 3, 5, 7, and 8 of Styers's habeas petition were rendered moot by the Ninth Circuit's decision in *Styers v. Ryan*, 811 F.3d 292 (9th Cir. 2015) (*"Styers IV"*). Styers now contends that the Ninth Circuit did not consider the Eighth Amendment aspects of his allegation that the Arizona Supreme Court, in its second independent review of his death sentence, *State v. Styers*, 227 Ariz. 186, 254 P.3d 1132 (2011) (*"Styers III"*), failed to consider all of his mitigation evidence, including "non-PTSD" evidence. (Doc. 34 at 4.) This argument remains unpersuasive.

The Ninth Circuit remanded the case and ordered this Court to grant a conditional writ on the grounds that the state courts did not consider and give effect to Styers's PTSD as mitigating evidence. *Styers v. Schriro*, 547 F.3d 1026, 1035 (9th Cir. 2008) ("*Styers II")*. The appellate court did not "express []or imply any opinion as to the appropriate sentence in this case," explaining that the proper sentence "is a matter for the state courts, so long as the constitutional obligations under *Eddings* and *Clemons* are honored." *Id.* at 1036. This Court granted the conditional writ. In response, the Arizona Supreme Court conducted a new independent sentencing review and reaffirmed the trial court's original capital sentence. *Styers III*, 227 Ariz. 186, 254 P.3d 1132.

In *Styers IV*, the Ninth Circuit upheld the Arizona Supreme Court's determination that a jury resentencing was not required under *Ring* and found that the state supreme court corrected its *Eddings* error by properly considering the mitigating evidence that Styers suffers from PTSD. 811 F.3d at 297–99. Contrary to Styers's principal argument, the Arizona Supreme Court "consider[ed] whether Styers's PTSD, *in combination with the other mitigating evidence*, provides mitigation sufficiently substantial to warrant leniency." *Styers III*, 227 Ariz. at 189, 254 P.3d at 1135 (emphasis added). Additionally, in finding that the Arizona Supreme Court had corrected the *Eddings* error, *Styers IV*, 811

F.3d at 298–99, the Ninth Circuit necessarily rejected Styers's Eighth Amendment claims.

This Court did not err in finding Claims 3, 5, 7, and 8 without merit. Styers's Motion to Alter or Amend is denied.

**2. Certificate of Appealability**

Styers seeks a certificate of appealability with respect to the Court's rulings on each of his habeas claims. Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district judge must either issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If a certificate is issued, the court must state the specific issue or issues that satisfy 28 U.S.C. § 2253(c)(2). Under § 2253(c)(2), a certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)).

For the reasons already discussed, with respect to Claims 3, 5, 7, and 8, no reasonable jurist could disagree that the claims are moot based on the Ninth Circuit's ruling in *Styers IV*. This Court previously found that Claims 1, 2, 4, and 6 constituted a second or successive petition. (Doc. 19 at 6–7.) Styers's counterargument is that a full mitigation investigation would reveal additional evidence to support the claims. The Court has already rejected this argument. (Doc. 32 at 5–7.) An assertion that additional evidence exists does not change the fact that the claims themselves were or could have been raised in Styers's first petition. Reasonable jurists could not disagree that the claims must be dismissed under 28 U.S.C. § 2244(b).

Accordingly,

**IT IS ORDERED denying** Styers's Motion to Alter or Amend Judgment. (Doc. 34.)

**IT IS FURTHER ORDERED denying** Styers's Motion for a Certificate of Appealability (Doc. 35.)

Dated this 24th day of October, 2017.

James A. Teilborg
Senior United States District Judge